UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW ERIC SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>GRAYS HARBOR COUNTY JAIL, GRAYS HARBOR COUNTY, POWELL, JAKE STIEN, UNKNOWN GRAYS HARBOR COUNTY EMPLOYEES,<br><br>  Defendants. | CASE NO. C14-5443 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>FEBRUARY 13, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is defendants' motion for summary judgment (Dkt. 19). The Court recommends granting defendants' motion. Plaintiff fails to come forward with any evidence to contest defendants' assertion that the Grays Harbor Jail released plaintiff from custody within three hours of receiving the last order needed for his release. Plaintiff fails to show that any named defendant played a part in keeping him over the weekend after the Municipal Court had signed an order releasing him from jail. Further, the two deputy sheriffs

REPORT AND RECOMMENDATION - 1

1 named as defendants are entitled to qualified immunity from suit. Grays Harbor is not liable
2 because no county policy or custom is at issue.

3                                   FACTS

4     Plaintiff alleges that Grays Harbor Jail personnel held him improperly for three days and
5 that as a result he missed a mandatory appearance in Superior Court on Monday, September 9,
6 2013 (Dkt. 6). Plaintiff alleges that he went directly from the jail to Superior Court to explain
7 why he had not appeared (*id*.). Plaintiff alleges that the Superior Court quashed a warrant it had
8 issued for his arrest (*id*.). Plaintiff also alleges that "Officer Lester" told him the jail's grievance
9 policy did not apply to his facts (Dkt. 6, p. 2). Plaintiff asks for monetary damage in the amount
10 of forty five hundred dollars. Plaintiff also asks the Court to order that defendants make a public
11 apology (Dkt. 6).

12     Defendants state that Montesano police officers arrested plaintiff on September 4, 2013,
13 because he had outstanding warrants that had been issued by the Montesano Municipal Court
14 (Dkt. 20, Declaration of Kyle Parkin, p. 2). At the time of plaintiff's arrest, the officers found
15 that plaintiff was in possession of heroin. On September 5, 2013, the police added a citation for
16 a violation of the uniform controlled substance act "VUCSA" to plaintiff's booking sheet (*id*.).

17     Plaintiff appeared on the "VUCSA" citation under Superior Court cause number 13-1-
18 366-2. The Superior Court set conditions and entered a pre trial release order on September 6,
19 2013 (*id*.). The court filed the order and provided a copy of the order to the jail on the same day,
20 September 6, 2013 (*id*.).

21     On the same day, September 6, 2013, the Montesano Municipal Court entered an order
22 setting bail and ordering plaintiff's release on two Municipal Court cause numbers (*id*.).
23 However, the jail did not receive the Municipal Court order until 9:47 a.m. on Monday
24

REPORT AND RECOMMENDATION - 2

September 9, 2013 (*id.*). Defendants contend that they could not release plaintiff until they received the second release order. Defendants allege that they released plaintiff within three hours of receiving the second order (*id.* at p. 3).

Defendants provide the Court with copies of documents from both the Superior Court and Municipal Court actions (Dkt. 20, Exhibits to declaration). A hand written notation on the Municipal Court order states that the order was faxed on Monday September 9, 2013.

Defendants move for summary judgment arguing:

1. Plaintiff failed to exhaust administrative remedies,

2. Defendants did not violate plaintiff's due process rights,

3. Even if a violation has occurred the violation is not the result of county policy or the actions of any named defendant,

4. Defendants are entitled to qualified immunity from suit.

(Dkt. 19, pp. 2-8).

## STANDARD OF REVIEW

In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997). Once a party has moved for summary judgment Fed. R. Civ. P. 56(c) requires the nonmoving party to go beyond the pleadings and identify facts that show that a genuine issue for trial exists. *Celotex Corp. v Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A civil rights action is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Initially, if plaintiff moves for summary judgment, plaintiff has the burden of presenting admissible evidence to support each of these elements. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

1. Exhaustion of prison remedies.

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Plaintiff filed this action while he was an inmate in the Grays Harbor County Jail and the PLRA applies to him.

Several circuits have found the exhaustion requirement is satisfied if jail or prison staff's conduct is the reason for a plaintiff's failure to exhaust administrative remedies. *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006) (threats prevented inmate from exhausting his grievance); *Brown v. Croak*, 312 F.3d 109, 111–12 (3d Cir. 2002) (inmate told he could not file a grievance until an investigation was complete). The Ninth Circuit has adopted this approach. *Nunez v. Duncan* 591 F.3d 1217, 1225-6 (9th Cir 2010).

Here, plaintiff alleges his failure to exhaust was caused by jail staff telling him that the grievance policy did not apply to this set of facts (Dkt. 6, p. 2). Thus, plaintiff alleges that it was

1  prison officials' alleged conduct that prevented his filing a grievance and exhausting
2  administrative remedies.  At summary judgment, the Court does not weigh the evidence.  The
3  Court recommends denying defendants' motion for summary judgment on this ground.

4      2.  Right to be promptly released from jail, municipal liability, and personal
5  participation.

6      Defendants admit that plaintiff had a liberty interest in being promptly released from jail
7  once the reason for his incarceration ended (Dkt. 19, p. 3).  Defendants also admit that this
8  liberty interest is protected by the due process clause (*id.*).  Defendants argue that they did not
9  violate plaintiff's rights because they released him within approximately three hours of receiving
10 the order from the Municipal Court (*id.*).  *Brass v. County of Los Angeles*, 328 F.3d 1192, 1198-
11 1202 (39-hour delay in release after receiving an order to release was justified given the high
12 volume work).  Defendants' argument does not address the fact that the jail did not receive the
13 Municipal Court's order releasing plaintiff until Monday, September 9, 2013, even though the
14 Municipal Court signed the order on Friday, September 6, 2013.  The Court need not decide if
15 under these facts plaintiff's due process rights were violated by the delay in his release as none
16 of the named defendants can be held liable.

17     A.  Municipal liability.

18     In order to state a claim against Gray's Harbor County plaintiff must show that
19 defendant's employees or agents acted through an official custom, pattern or policy that permits
20 deliberate indifference to, or violates, plaintiff's civil rights; or that the county ratified the
21 unlawful conduct.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978);
22 *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show: (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694). Plaintiff fails to show that any custom, pattern, or policy of Grays Harbor County is at issue. Plaintiff did not respond to defendants' motion for summary judgment. The Court recommends granting Grays Harbor's motion for summary judgment.

B.  Personal participation.

Defendants Stein and Powell are two deputy sheriffs working for Grays Harbor (Dkt. 19, p. 5). They ask the Court for summary judgment based in part on lack of personal participation (Dkt. 19, p. 5). Defendants assert that defendant Stein played no part in plaintiff's release from jail. Defendants assert that defendant Powell had no authority to determine when plaintiff would be released and that he promptly processed plaintiff for release when he was told to do so by his shift sergeant (*id.*).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff must allege facts showing how defendant caused or

personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A 42 U.S.C. § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Review of the complaint shows that defendant Stein is not mentioned except where he is named as a defendant (Dkt. 6). The only allegation against defendant Powell is that he came to plaintiff's cell to collect him for release (Dkt. 6, p. 4). Plaintiff fails to allege facts that implicate either defendant in the decision to hold him over the weekend. The Court recommends granting defendants' motion for summary judgment. In the alternative, the Court should grant these defendants qualified immunity from suit.

4. Qualified immunity.

A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted); *see also Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken") (*quoting Harlow*, 457 U.S. at 818, 819); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). Thus, qualified immunity "'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" *Burns v. Reed*, 500 U.S. 478, 495 (1991) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Harlow*, 457 U.S. at 815 (*citing Gomez v. Toledo*, 446

U.S. 635 (1980)).  The immunity is "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(italic in original).

       The Supreme Court established a two-part test for determining whether an official is entitled to qualified immunity. The Court must determine whether the facts, taken in the light most favorable to plaintiff, demonstrate that defendant's conduct violated a federal statutory or constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).  In addition, the Court must ascertain whether the federal statutory or constitutional right at issue was "clearly established" at the time of the alleged violation. *Id*. at 201.  Although the U.S. Supreme Court's holding in *Saucier* required that the determination of a violation of a federal right be the initial inquiry, the Supreme Court later held "that the *Saucier* protocol should not be regarded as mandatory in all cases, [however] we continue to recognize that it is often beneficial." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

       For a law to be "clearly established," it must be sufficiently clear that a reasonable official would understand that his or her action violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The right has to be more than a broad constitutional principle and the contours of the right must be established to the point that every reasonable official would have understood that what he was doing violated that right. *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).  An official can obtain qualified immunity if his conduct was reasonable under the facts known to him at the time he acted. *Act Up!/Portland v. Bagley*, 988 F. 2d 868, 872 (9th Cir, 1993).

       Plaintiff fails to show that either named deputy violated clearly established law.  Plaintiff fails to come forward with any evidence to show that Deputy Stein played a role in deciding the timing of plaintiff's release.  Further, plaintiff's sole allegation against deputy Powell is that the

1  deputy released him from jail.  Plaintiff fails to come forward with any evidence showing that

2  either of these persons should have known that an order for his release had been signed in

3  Municipal Court on Friday, September 6, 2013.  Plaintiff fails to present any evidence to defeat

4  defendants' assertion that they are entitled to qualified immunity.  The Court recommends

5  granting these defendants qualified immunity.

6       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

8  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

9  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

10  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

11  February 13, 2015, as noted in the caption.

12       Dated this 12th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge